1  DENNIS A. CAMMARANO/BAR NO. 123662
   JEREMY B. GARD/BAR NO. 269265
2  CAMMARANO LAW GROUP
   555 East Ocean Boulevard, Suite 501
3  Long Beach, California  90802
   Telephone:  (562) 495-9501
4  Facsimile: (562) 495-3674

5  Attorneys for Plaintiff,
   STARR INDEMNITY & LIABILITY CO.

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11
   STARR INDEMNITY & LIABILITY      )   Case No.: **'12CV2201 CAB BGS**
12 CO.                              )
                                    )   **COMPLAINT FOR DAMAGES:**
13              Plaintiff,          )
                                    )   **1. NEGLIGENCE;**
14 v.                               )   **2. CONVERSION;**
                                    )   **3. UNLAWFUL, UNFAIR AND**
15 SAN DIEGO GAS & ELECTRIC         )   **DECEPTIVE BUSINESS**
   COMPANY; ARIZONA PUBLIC          )   **PRACTICES CAL B&P 17200**
16 SERVICE COMPANY; PINNACLE        )
   WEST CAPITAL CORPORATION;        )
17 IMPERIAL IRRIGATION DISTRICT     )
   FINANCING CORPORATION;           )
18 WESTERN ELECTRICITY              )
   COORDINATING COUNCIL;            )
19 CALIFORNIA INDEPENDENT           )
   SYSTEM OPERATOR and DOES 1       )
20 through 10, inclusive            )
                                    )
21              Defendants.         )
                                    )
22                                  )
                                    )
23 _____  )

24                        **PARTIES**

25        Plaintiff STARR INDEMNITY & LIABILITY CO., alleges as follows:

26        1.        Plaintiff, STARR INDEMNITY & LIABILITY CO., (hereinafter

27 "STARR" or "Plaintiff") is an insurance corporation authorized to do business in

28 the State of California with an office and place of business at 399 Park Avenue, 9th

_____
*Complaint for Damages*

1 Floor, New York, New York, 10022. Plaintiff brings this action on its own behalf

2 and on behalf of all others having any interest in the Cargo referred to below in that

3 Plaintiff insured against the risks of loss alleged below.

4      2.      Plaintiff's insured, National City Grocery Outlet ("National City"),

5 is in the business of the storage and sale of frozen foodstuffs and authorized to do

6 business in the state of California with an address and place of business at 3446

7 Highland Avenue, National City, CA 91950.

8      3.      Plaintiff brings this action on its own behalf and on behalf of all other

9 having any interest in the property described below in that Plaintiff paid for

10 National City's loss and is subrogated to National City's rights regarding the same.

11      4.      Defendant SAN DIEGO GAS & ELECTRIC COMPANY

12 ("SDG&E") is, and at all times mentioned herein was, a privately owned utility

13 duly organized pursuant to the Municipal Utility Act of California and existing

14 under the laws of the State of California with an address and principal place of

15 business at 101 Ash Street, San Diego, CA 92101.  At all times herein mentioned,

16 Defendant SDG&E as a common carrier, supplied electricity for parts of San Diego

17 County.  As part of these responsibilities, Defendant SDG&E supplied electricity

18 to Plaintiff's facility.

19      5.      Defendant ARIZONA PUBLIC SERVICE COMPANY ("APS"), a

20 subsidiary of PINNACLE WEST CAPITAL CORPORATION ("PWCC") is, and

21 at all times mentioned herein was, a privately owned Arizona corporation and

22 utility with an address and principal place of business at 400 North 5th Street, MS

23 8695, Phoenix, Arizona 85004.

24      6.      Defendant IMPERIAL IRRIGATION DISTRICT FINANCING

25 CORPORATION ("IMPERIAL") is, and at all times mentioned herein was, a

26 California corporation with an address and principal place of business at 333 East

27 Barioni Boulevard, Imperial, California 92251.

28      7.      Defendant WESTERN ELECTRICITY COORDINATING

1    COUNCIL ("WECC") is, and at all times mentioned herein was, a Utah not-for-

2    profit corporation with an address and principal place of business at 155 North 400

3    West, Suite 200, Salt Lake City, Utah 84103.

4          8.      Defendant CALIFORNIA INDEPENDENT SYSTEM OPERATOR

5    ("CAL ISO") is, and at all times mentioned herein was, a California corporation

6    with an address and principal place of business at 250 Outcropping Way, Folsom,

7    California 95630.

8          9.      Plaintiff has no knowledge of the true names and capacities of

9    Defendants sued herein as Does 1 through 20 inclusive, except that Plaintiff is

10    informed and believes, and on that basis alleges, the damages herein alleged were

11    proximately caused by Defendants' wrongful acts. Plaintiff therefore sues these

12    Defendants by such fictitious names and Plaintiff will amend this complaint to

13    allege their true names and capacities when ascertained.

14          10.     Plaintiff is informed and believes, and on that basis alleges, that each

15    of the Doe Defendants were at all times herein mentioned the agent, servant,

16    employee or contractor of the other Defendants.

17                                   **JURISDICTION AND VENUE**

18          11.     This is a claim for damage to property and is a civil case giving rise

19    jurisdiction under 28 U.S.C. §1331 and the court's supplemental jurisdiction in that

20    the claims herein implicate federal statutes, including the Electric Consumers

21    Protection Act and Energy Policy Acts of 2005 and 1992, as hereinafter more fully

22    appears. Plaintiff brings this action on its own behalf and on behalf of all other

23    parties having any interest in the cargo and equipment referred to below.

24          12.     An actual controversy of a justiciable nature exists between STARR

25    and Defendants involving the rights and obligations under a contract of insurance

26    and, depending on the construction of said contract, the aforesaid controversy can

27    be determined by a judgment of this Court without further suit.

28          13.     Venue is proper in this District because a substantial part of the events

1  giving rise to STARR's claims herein occurred in this District, including, but not

2  limited to the damage to the property.

3  **UNDERLYING FACTS**

4      14.     According to reports, on September 8, 2011, in Phoenix, AZ, the

5  North Gila-Hassayampa 500 kV transmission line near Yuma, AZ, which was

6  operated and maintained by APS (and, therefore, PWCC, as APS is PWCC's

7  subsidiary), tripped off line due to negligent repair work resulting in a major power

8  outage across Southwest Arizona and into Southern California.  The power was not

9  restored for many hours.

10      15.     The SDG&E blackout could have been prevented if SDG&E had

11  conducted long-term and short-term operational planning studies needed to

12  understand certain vulnerabilities and their operational implications.  Specifically,

13  their planning studies (1) did not adequately identify and study critical external

14  facilities; (2) did not adequately analyze potential contingency scenarios; (3) were

15  based on inaccurate models and invalid system operating limits (SOLs) and (4) did

16  not set up the protective reply plan according to FERC/NERC guidelines.

17      16.     Significant overloading occurred on three of IMPERIAL's 230/92 kV

18  transformers located at the Coachella Valley and Ramon substations, as well as on

19  Western Electricity Coordinating Council Path 44, located south of the San Onofre

20  Nuclear Generating Station in Southern California.

21      17.     The overloads had a ripple effect, as transformers, transmission lines,

22  and generating units tripped offline, initiating automatic load shedding throughout

23  the region in a relatively short time span. Just seconds before the blackout, Path 44

24  carried all flows into the San Diego area as well as parts of Arizona and Mexico.

25  Eventually, the excessive loading on Path 44 initiated an inter-tie separation

26  scheme at San Onofre Nuclear Generating Station, designed to separate SDG&E

27  from Southern California Edison. The San Onofre Nuclear Generating Station

28  separation scheme separated SDG&E from Path 44, led to the loss of the San

1 Onofre Nuclear Generating Station nuclear units, and eventually resulted in the

2 complete blackout of San Diego.

3      18.     On September 8, 2011, at approximately 3:45 p.m., National City

4 reported losing power.  National City took immediate measures were to mitigate

5 the impact of the outage.  However, outside temperatures were approaching 100°F

6 and the temperature inside the facility rose to 85°F.  The product in the aisle

7 coolers were without refrigeration and exposed to extreme temperatures.

8      19.     On September 9, 2011, the owner of National City returned to the

9 store and discovered the store's electricity had been restored, but the freezers were

10 non-operational.  Power surges had occurred during the night of September 8,

11 2011, which caused an electrical failure in National City's refrigeration

12 compressors.

13      20.     By reason of the foregoing, National City suffered damaged product

14 and equipment.  Thus, Plaintiff has been damaged in the sum of $55,310.18, plus

15 miscellaneous expenses, interest and costs, no part of which has been paid by

16 Defendants despite demand therefor.

17 **FIRST CAUSE OF ACTION**

18 **NEGLIGENCE - PUBLIC ENTITY LIABILITY**

19      21.     Plaintiff refers to paragraphs 1 through 20, inclusive of this

20 complaint and incorporates them herein as though fully set forth.

21      22.     Plaintiff is informed and on the basis alleges that on dates including and prior

22                 September 8, 2011, Defendants negligently

23 and carelessly operated the distribution and electricity distribution to and in San

24 Diego County.

25      23.     The operation, management, control, repair and maintenance of the

26 electricity in San Diego County by Defendants were unreasonable.  Accordingly,

27 Defendants cannot avail themselves to any immunity otherwise afforded to them

28 by California Government Code, §830.6, or otherwise.

1    24.    Further, Defendants owed a duty of care as coordinators, planners,

2   facilitators, distributors, transmitters, resource integration planners, data, analysis

3   and study providers, mangers, wholesale and retail utility generators, transmitters,

4   distributors and providers of electricity, and the monitoring of the serviceability of

5   the electricity and to properly maintain the technology to isolate power outages to

6   an area not including that serviced to National City.  Defendants breached their

7   duty of care when they failed to monitor the serviceability of the electricity and to

8   properly maintain the electricity to ensure proper functioning.  The negligence of

9   said Defendants, and each of them, foreseeably created a dangerous condition

10  which resulted in damage to National City.

11    25.    On September 8, 2011, National City's personal property, insured by

12  Plaintiff, was damaged and destroyed as a proximate result of the negligence of

13  Defendants SDG&E and Does 1 to 20 when the power outage occurred and

14  ensuing period until full, stable and smooth power level was restored.  As a result,

15  Plaintiff suffered damage in an amount not less than $55,310.18.

16    26.    Plaintiff incorporates by reference the allegations of plaintiffs first

17  amended complaint in the case entitled Busalachi et al. v. Arizona Public Service

18  Company, et al. pending under case number 12-CV-00298-H (RBB) which is a

19  related matter.

20    27.    On or about April 6, 2012, Plaintiff's insured presented its claim to

21  Defendants in care of SDG&E by delivering a Claims Form to the Claims

22  Department of SDG&E for damages and losses suffered, in compliance with

23  California Governmental Code §905.

24    28.    On April 11, 2012, Defendant SDG&E provided written notice that

25  the claim by Plaintiff's insured was rejected.

26    29.    As a direct and proximate result of such conduct by Defendants,

27  Plaintiff has been damaged in the sum of $55,310.18, plus miscellaneous expenses,

28  interest and costs, no part of which has been paid by Defendants despite demand

1 | thereof.

2 | **SECOND CAUSE OF ACTION**

3 | **CONVERSION**

4 |     30.    Plaintiff refers to paragraphs 1 through 29, inclusive, of this

5 | complaint and incorporates them herein as though fully set forth.

6 |     31.    Plaintiff is the subrogated insurer of National City.  At all time

7 | relevant to this litigation, National City owned the product and equipment that was

8 | damaged due to the power outage and ensuing surges.

9 |     32.    On or around September 8, 2011, Defendants wrongfully interfered

10 | with National City's interest in the damaged product when they allowed the failure

11 | of the technology which would have isolated the power outage to a localized area

12 | and, the maintenance and repair of which were the sole duty and responsibility of

13 | Defendants, causing damage to National City's personal property.

14 |     31.    As a result of the failure to maintain and repair the isolation

15 | technology by Defendants, National City's refrigerated products and refrigeration

16 | compressors were damaged, preventing National City's use of the items.

17 |     32.    In so acting, Defendants converted the property.

18 |     33.    As a result, Plaintiff has been damaged in an amount not less than

19 | $55,310.18, plus miscellaneous expenses, interest and costs, no part of which has

20 | been paid by Defendants despite demand thereof.

21 | **SECOND CAUSE OF ACTION**

22 | **UNLAWFUL BUSINESS PRACTICE UNDER**

23 | **CALIFORNIA BUS. &PROF. CODE 17200**

24 |     34.    Plaintiff refers to paragraphs 1 through 33, inclusive, of this

25 | complaint and incorporates them herein as though fully set forth.

26 |     31.    Plaintiff is the subrogated insurer of National City.  At all time

27 | relevant to this litigation, National City owned the product and equipment that was

28 | damaged due to the power outage and ensuing surges.

1    32.    Defendants are guilty of those number acts identified in the amended

2   complaint of the related matter which constitute a violation of the California

3   Business and Professions Code 17200 ("B&P 17200") which the court has already

4   ruled upon state a valid cause of action.  Plaintiff herein also incorporates by

5   reference the Federal Nuclear and Regulatory Commission report which was made

6   part of Defendants' motion to dismiss in the related matter which the court

7   accepted by the court without objection.

8    33.    As a result of such acts and practices, Defendants have committed one

9   or more acts or failures violative of the B&P 1700 causing damage to Plaintiff and

10   requiring injunctive, declaratory and corrective relief.

11    WHEREFORE, Plaintiff prays for judgment as follows:

12    1.    For general damages in the principal sum of $55,310.18, plus

13   miscellaneous expenses, interest and costs;

14    2.    For pre-judgment at the rate of 10% per annum, from September 8,

15   2011;

16    3.    For post-judgment interest at the rate of 10% per annum;

17    4.    For the costs of suit incurred herein; and;

18    5.    For such other and further relief as the Court may deem just and

19          proper.

20   Dated:    September 10, 2012           CAMMARANO LAW GROUP

21

22                                   By:   s/Dennis A. Cammarano
                                         Dennis A. Cammarano
23                                        Jeremy B. Gard
                                         Attorneys for Plaintiff,
24                                        STARR INDEMNITY &
                                         LIABILITY CO.
25                                        316212 - fed.wpd

26

27

28